IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AQUA CONNECT, INC. and STRATEGIC TECHNOLOGY PARTNERS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SPLASHTOP, INC.,<br><br>Defendant. | C. A. No. 1:18-cv-455-VAC-MPT<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT SPLASHTOP, INC.'S ANSWER AND COUNTERCLAIMS
TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant Splashtop, Inc. ("Splashtop") files this Answer to Plaintiffs Aqua Connect, Inc. ("Aqua Connect") and Strategic Technology Partners, LLC ("STP," collectively, "Plaintiffs") Original Complaint for Patent Infringement ("Complaint"). Splashtop denies the allegations and characterizations in Plaintiffs' Complaint unless expressly admitted in the following paragraphs.

## BACKGROUND

1. Splashtop is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and, on that basis, denies all such allegations.

2. Splashtop admits that the documents attached as Exhibits A and B list Joseph Chaim Cohen as the named inventor. Splashtop is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 of the Complaint and, on that basis, denies all such allegations.

3. Splashtop denies the allegations in paragraph 3 of the Complaint.

4. Splashtop denies the allegations in paragraph 4 of the Complaint.

5. Splashtop specifically denies that it was "conventional wisdom" to have a single remote desktop task in a single context. Splashtop is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of the Complaint and, on that basis, denies all such allegations.

6. Splashtop denies the allegations in paragraph 6 of the Complaint.

7. Splashtop is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and, on that basis, denies all such allegations.

8. Splashtop specifically denies the characterizations in paragraph 8 of what was "conventional." Splashtop is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 of the Complaint and, on that basis, denies all such allegations.

9. Splashtop denies the allegations in paragraph 9 of the Complaint.

10. Splashtop denies the allegations in paragraph 10 of the Complaint.

## THE PARTIES

11. Splashtop is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and, on that basis, denies all such allegations.

12. Splashtop is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and, on that basis, denies all such allegations.

13. Splashtop admits it is a corporation organized and existing under the laws of the State of Delaware with a place of business at 1054 S. De Anza Blvd, Suite 200, San Jose, CA

95129. Splashtop admits it may be served via its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

## JURISDICTION AND VENUE

14. Splashtop admits that the Complaint purports to set forth an action for alleged patent infringement under the Patent Laws of the United States, 35 U.S.C. § 101, *et seq*. Splashtop admits that the Court has subject matter jurisdiction over this action for alleged patent infringement.

15. Splashtop admits that this Court has personal jurisdiction over it.

16. For purposes of this Complaint, Splashtop admits that venue is proper in the District of Delaware, but denies that venue is convenient. Splashtop otherwise denies the remaining allegations in paragraph 16 of the Complaint.

## COUNT I

## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. RE46,386

17. Splashtop incorporates by reference its answers set forth in paragraphs 1 to 16.

18. Splashtop admits that the '386 patent reissued on May 2, 2017 and purports to claims priority to U.S. Provisional Application No. 61/099,485 filed on September 23, 2008. Splashtop is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 of the Complaint and, on that basis, denies all such allegations.

19. Splashtop admits that claim 1 of the '386 patent recites "a computer implemented method for updating a user instance, the method comprising: creating at least one user computer context configured to be executed on a Mach-derived computing device comprising at least one computer processor, wherein each of the at least one user computer context is configured to incorporate an agent server; associating the agent server with an agent client, wherein the agent

client and the agent server are configured to be executed on the Mach-derived computing device, but in separate processes and in separate Mach contexts; generating, by the agent server, data corresponding to an updated user instance, wherein the data corresponding to the updated user instance comprises user computer data, wherein the user computer data comprises at least one of: display data, audio data, biometric data, input data, image data, output data, video data, streaming data, touch screen data, keypad data, joystick data, touchpad data, keyboard data, mouse data, metadata, smart device data, input device data, data from another device appropriate for receiving input directly or indirectly from the user, computer monitor data, speaker data, projector data, data from another device appropriate for outputting data, or output device data; determining, by the agent server, that any portion of the user computer data has been updated; transferring the data corresponding to the updated user instance between the agent server and the agent client via a computer system communication facility based on said determining, wherein said transferring comprises: transferring at least one of: the user computer data, or metadata corresponding to a shared memory, wherein said shared memory comprises the any portion of the updated user computer data, between the agent server and the agent client, wherein at least one of the user computer data or the metadata is transmitted via the computer system communication facility, wherein the computer system communication facility comprises at least one of: a socket, a file, a port, a shared computer memory, or a pipe; and transmitting the data corresponding to the updated user instance over a communications network to a remote computer system for update of the user instance based on the data corresponding to the updated user instance, wherein said transmitting comprises: transmitting at least one of the user computer data, or the metadata, over the communications network to the remote computer system for update of the user instance based on the updated user computer data or metadata." Splashtop is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 of the Complaint and, on that basis, denies all such allegations.

20. Splashtop denies the allegations in paragraph 20 of the Complaint.

21. Splashtop denies the allegations in paragraph 21 of the Complaint.

22. Paragraph 22 does not require a response from Splashtop. To the extent a response is required, it is denied.

23. Splashtop denies the allegations in paragraph 23 of the Complaint.

24. Splashtop denies the allegations in paragraph 24 of the Complaint.

25. Splashtop denies the allegations in paragraph 25 of the Complaint.

26. Splashtop denies the allegations in paragraph 26 of the Complaint.

27. Splashtop denies the allegations in paragraph 27 of the Complaint.

28. Splashtop denies the allegations in paragraph 28 of the Complaint.

29. Splashtop denies the allegations in paragraph 29 of the Complaint.

30. Splashtop denies the allegations in paragraph 30 of the Complaint.

31. Splashtop denies the allegations in paragraph 31 of the Complaint.

## COUNT II

### [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,924,502

32. Splashtop incorporates by reference its answers set forth in paragraphs 1 to 32.

33. Splashtop admits that the '386 patent reissued on May 2, 2017 and purports to claim priority to U.S. Provisional Application No. 61/099,485 filed on September 23, 2008. Splashtop is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 of the Complaint and, on that basis, denies all such allegations.

34. Splashtop denies the allegations in paragraph 34 of the Complaint.

35. Splashtop denies the allegations in paragraph 35 of the Complaint.

36. Splashtop denies the allegations in paragraph 36 of the Complaint.

37. Paragraph 37 does not require a response from Splashtop. To the extent a response is required, it is denied.

38. Splashtop denies the allegations in paragraph 38 of the Complaint.

39. Splashtop denies the allegations in paragraph 39 of the Complaint.

40. Splashtop denies the allegations in paragraph 40 of the Complaint.

41. Splashtop denies the allegations in paragraph 41 of the Complaint.

42. Splashtop denies the allegations in paragraph 42 of the Complaint.

43. Splashtop denies the allegations in paragraph 43 of the Complaint.

44. Splashtop denies the allegations in paragraph 44 of the Complaint.

45. Splashtop denies the allegations in paragraph 45 of the Complaint.

46. Splashtop denies the allegations in paragraph 46 of the Complaint.

47. Splashtop denies the allegations in paragraph 47 of the Complaint.

48. Splashtop denies the allegations in paragraph 48 of the Complaint

49. Splashtop denies the allegations in paragraph 49 of the Complaint

50. Splashtop denies the allegations in paragraph 50 of the Complaint

## PRAYER FOR [ALLEGED] RELIEF

Splashtop denies that Plaintiffs are entitled to any relief from Splashtop and denies all of the allegations contained in Plaintiffs' Prayer for Relief.

## DEMAND FOR JURY TRIAL

Plaintiffs' demand for a jury trial does not require a response from Splashtop.

To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, Splashtop denies them.

## AFFIRMATIVE DEFENSES

Splashtop's Affirmative Defenses are listed below. Splashtop reserves the right to amend its Answer to add additional Affirmative Defenses, including allegations of inequitable conduct, consistent with the facts discovered in the case.

## FIRST DEFENSE

1. Splashtop does not and has not infringed, either literally or under the doctrine of equivalents, under any theory of infringement, any valid, enforceable, asserted claim of the Patents-in-Suit.

## SECOND DEFENSE

2. Each asserted claim of the Patents-in-Suit is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD DEFENSE

3. Plaintiffs are estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the asserted patent, from asserting any interpretation of any valid, enforceable claims of the Patents-in-Suit that would be broad enough to cover any accused product alleged to infringe the asserted patent, either literally or by application of the doctrine of equivalents.

## FOURTH DEFENSE

4. To the extent that Plaintiffs and alleged predecessors in interest to the Patents-in-Suit failed to properly mark any of their relevant products as required by 35 U.S.C. § 287, or otherwise give proper notice that Splashtop's actions allegedly infringed the Patents-in-Suit, Splashtop is not liable to Plaintiffs for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Patents-in-Suit.

## FIFTH DEFENSE

5. Plaintiffs' attempted enforcement of the Patents-in-Suit against Splashtop is barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands.

## SIXTH DEFENSE

6. Plaintiffs' claims for damages are statutorily limited or barred by 35 U.S.C. §§ 286 and 287. Plaintiffs are further barred under 35 U.S.C. § 288 from recovering costs associated with its action.

## SEVENTH DEFENSE

7. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## EIGHTH DEFENSE

8. The claims of the Patents-in-Suit are not entitled to a scope sufficient to encompass any product of, system employed by, or process practiced by Splashtop.

## NINTH DEFENSE

9. To the extent that Plaintiffs asserts that Splashtop infringes under a theory of joint infringement, Splashtop is not liable to Plaintiffs. Splashtop does not provide or perform each element of any claim of the Patents-in-Suit, and any actions of third parties accused by Plaintiffs are not attributable to Splashtop.

## TENTH DEFENSE

10. Plaintiffs are precluded from recovering its reasonable attorney's fees, costs, and or increased damages under 35 U.S.C. §§ 284 or 285.

## ELEVENTH DEFENSE

11. Plaintiffs are not entitled to injunctive relief as it has, at a minimum, no irreparable injury and an adequate remedy at law for the alleged infringement.

## TWELFTH DEFENSE

12. Should Splashtop be found to infringe any valid, enforceable claim of the Patents-in-Suit, such infringement was not willful.

## THIRTEENTH DEFENSE

13. To the extent that Plaintiffs assert that Splashtop indirectly infringes, either by contributory infringement or inducement of infringement, Splashtop is not liable to Plaintiffs for the acts alleged to have been performed before Splashtop knew that its actions would cause indirect infringement.

## SPLASHTOP'S COUNTERCLAIMS

For its counterclaims against Plaintiffs Aqua Connect, Inc. ("Aqua Connect") and Strategic Technology Partners, LLC ("STP," collectively, "Plaintiffs"), Counterclaim Plaintiff Splashtop, Inc. ("Splashtop"), asserts the below-listed counterclaims. Splashtop reserves the right to amend its Answer to add additional counterclaims, consistent with the facts discovered in the case.

## PARTIES

1. Counterclaim Plaintiff Splashtop, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 1054 S. De Anza Blvd, Suite 200, San Jose, CA 95129.

2. Upon information and belief based solely on Paragraph 11 of the Complaint as plead by Plaintiffs, Counterclaim Defendant Aqua Connect, Inc. is a Nevada corporation with a principal place of business and headquarters is at 18801 Ventura Blvd., Suite 310, Tarzana, CA 91356..

3. Upon information and belief based solely on Paragraph 12 of the Complaint as plead by Plaintiffs, Counterclaim Defendant Strategic Technology Partners, LLC is a wholly-

9

owned subsidiary of Aqua Connect and the assignee of the Patents-in-Suit. STP's principle place of business is also located at 18801 Ventura Blvd., Suite 310, Tarzana, CA 91356.

## JURISDICTION

4. Splashtop incorporates by reference paragraphs 1–3 above.

5. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 et seq., and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

6. Plaintiffs have consented to the personal jurisdiction of this court by at least commencing their action for patent infringement in this district, as set forth in its Complaint.

7. Venue is not proper in this District. Should the Court determine that venue is proper in this District, based solely on Plaintiffs' filing of this action, venue is proper, though not necessarily convenient, in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I

## DECLARATION REGARDING NON-INFRINGEMENT

8. Splashtop incorporates by reference paragraphs 1–6 above.

9. Based on Plaintiffs' filing of this action and at least Splashtop's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Splashtop infringes U.S. Patent Nos. RE46,386 ("the '386 patent") and 8,924,502 ("the '502 patent") (collectively, the "Patents-in-Suit").

10. Splashtop's investigation is ongoing, and Actiontec therefore reserves the right to supplement and amend its non-infringement positions based on additional information obtained through discovery or other means and as appropriate in response to the Court's determination of issues.

11. Pursuant to the Federal Declaratory Judgement Act, 28 U.S.C. §2201 et seq., Splashtop requests a declaration by the Court that Splashtop has not infringed and does not infringe any claim of the Patents-in-Suit under any theory.

## COUNT II

## DECLARATION REGARDING INVALIDITY

12. Splashtop incorporates by reference paragraphs 1–11 above.

13. Based on Plaintiffs' filing of this action and at least Splashtop's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the Patents-in-Suit.

14. On information and belief, the claims of the Patents-in-Suit are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, and the rules, regulations, and laws pertaining thereto.

15. Computer program products for updating a user session were conventional before the alleged invention of the Patents-in-Suit. In the prior art, it was known to persons of ordinary skill in the art to implement remote desktop environments that update the graphical display of user sessions and transmit the output to remote client sessions. *See, e.g.*, '502 Patent at 2:1-28.

16. For example, commercial products were available implement these terminal server environments, such as LogMeIn and GoToMyPC by 2007.

17. Although most commercial products supported Windows computing environments around 2007, at least LogMeIn was previewed as operating on the Mac OS X environment no later than July 2007. *See, e.g.*, http://appletothecore.me/files/logmein.php.

18. The purported novelty and non-obviousness of the Patents-in-Suit originated from alleged problems arising from differences between a Windows environment and a Mach-based environment such as Mac OS X encountered when implementing a remote desktop environment.

For example, the applicant stated in the Response to Final Rejection mailed June 30, 2015 in the reissue application leading to the '386 reissue patent:

> Furthermore, Applicant's claimed invention evidences several clear cases of evidence of secondary indicia of nonobviousness as set forth by the US Supreme Court in its decision in *Graham v. John Deere*. First, the structure of the Mach-derived computer system, such as including Mach contexts, as noted above, is distinct from the kernel structure found in DOS/Win/UNIX based systems, and therefore those systems are not faced with the same challenge inherent in Mach-derived systems of how to cross a Mach context boundary, i.e., a user computer context boundary within a computing device to control one or more user input/output devices. That problem, which the claimed invention computing device solves, is a uniquely Mach-derived computer system issue, for which there has been a long felt and unmet need, prior to Applicant's invention, see for example the Mac Internals document previously submitted and discussed in the previous declaration and during the Examiner interview, which is a well established secondary objective indicia of nonobviousness. Second, as a result of the solution of the

19. The alleged inventions of the Patents-in-Suit purport to solve the problem of needing to cross Mach context boundaries by splitting a KVM agent into a client and a server operating in separate contexts.

20. However, it was well-known to persons of ordinary skill in the art before the priority date of the Patents-in-Suit to cross Mach context boundaries by splitting software processes such as agents into a client and server operating in separate contexts. For example, Apple published Technical Note TN2083 no later than January 3, 2006, entitled "Daemons and Agents." ("TN2083"). It teaches:

> The correct solution to this problem is to split your program into multiple components, each specialized for a particular role. So, you might have a daemon for managing the global state and an agent operating on behalf of each of the logged in users. If the daemon needs the user to answer a question, it signals all the agents and the

> agents use local knowledge to decide what to do. For example, the agent might behave differently depending on whether it's running in a GUI or non-GUI login session, or whether the GUI session is active (that is, using the console in a fast user switched environment).

https://developer.apple.com/library/content/technotes/tn2083/_index.html.

21. TN2083 also teaches that the client / server model should be used in this scenario, and that communication between the processes should be performed using inter-process communication (IPC) such as UNIX sockets:

> If you do split your program into multiple components, try to use the client/server model. Specifically, remember that clients connect to servers, and not the other way around. This might sound obvious, but it's easy to forget this point and find yourself in the weeds.
>
> In this context, a server is the background program that contains the global state that's being shared, while the clients are the programs that want to access that state. The server might be an agent (if all of the clients run in the same login session), or it might be a daemon (if it handles clients from multiple login sessions, or it handles other daemons as clients); the key *f* point is that there is a one-to-many relationship between the server and its clients.
>
> In this design, the server should not try to discover or connect to the clients. Rather, the clients should connect to the server. This approach is a good match for the common inter-process communication (IPC) APIs. For example, if you're using UNIX domain sockets, it's easy for a daemon to listen on a single UNIX domain socket and have the clients connect to that socket. It's also easy for the server to handle a client disconnecting (either because it quit or because it died unexpectedly). If you do things the other way around, things start to get messy.

22. Thus, the claims of the Patents-in-Suit are invalid under at least 35 U.S.C. § 103. For example, the claims are rendered obvious by U.S. Patent Application Publication No. 2009/0080523 ("McDowell") filed on September 24, 2007, in view of TN2083. McDowell is prior art to the Patents-in-Suit under at least 35 U.S.C. § 102(e) because the application that resulted in the McDowell publication was filed on September 24, 2007. Indeed, the patent examiner cited

McDowell during examination of the '386 patent. TN2083 is prior art to the Patents-in-Suit under at least 35 U.S.C. § 102(b) because it was published no later than January 3, 2006. It would have been obvious to one of ordinary skill in the art to implement the remote user interface of McDowell with the Mach-derived operating system of TN2083.

23. McDowell in view of TN2083 discloses each and every element of the claims of the Patents-in-Suit. For example, McDowell discloses that "Frames of user interface graphical data can be remotely rendered at a client during a remote session with a server by providing graphical data commands to the client." McDowell at Abstract. TN2083 further implements a background program on a Mach derived kernel by using daemons (e.g., agent servers) and agents (e.g., agent clients) in a client / server model. A person of ordinary skill in the art would have been motivated to apply the solutions taught by TN2083 to overcome any problems that would arise by trying to implement McDowell on a computer running Mac OS X operating system.

24. Pursuant to the Federal Declaratory Judgement Act, 28 U.S.C. §2201 et seq., Splashtop requests a declaration by the Court that the claims of the Patents-in-Suit are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**PRAYER FOR RELIEF**

WHEREFORE, Splashtop asks this Court to enter judgment in Splashtop's favor and against Plaintiffs by granting the following relief:

a) a declaration that the asserted claims of the Patents-in-Suit are invalid;

b) a declaration that Splashtop does not infringe, under any theory, any valid claim of the Patents-in-Suit that may be enforceable;

c) a declaration that Plaintiffs take nothing by its Complaint;

d)     judgment against Plaintiffs and in favor of Splashtop;

e)     dismissal of the Complaint with prejudice;

f)     a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Splashtop of its costs and attorneys' fees incurred in this action; and

g)     further relief as the Court may deem just and proper.

## JURY DEMAND

Splashtop hereby demands trial by jury on all issues.

Dated: May 18, 2018                    FISH & RICHARDSON P.C.

By: */s/ Jeremy D. Anderson*
     Jeremy D. Anderson (#4515)
     222 Delaware Avenue, 17th Floor
     Wilmington, Delaware 19899-1114
     (302) 652-5070 (Telephone)
     (302) 652-0607 (Facsimile)
     janderson@fr.com

     Neil J. McNabnay
     David B. Conrad
     William B. Collier, Jr.
     1717 Main Street, Suite 5000
     Dallas, Texas 75201
     (214) 747-5070 (Telephone)
     (214) 747-2091 (Facsimile)
     mcnabnay@fr.com
     conrad@fr.com
     collier@fr.com

     ATTORNEYS FOR DEFENDANT
     SPLASHTOP, INC.