

Fish & Richardson P.C.
222 Delaware Avenue
17th Floor
P.O. Box 1114
Wilmington, DE 19899-1114

302 652 5070 main
302 652 0607 fax

November 28, 2018

**Jeremy D. Anderson**
Principal
janderson@fr.com
302 778 8452  direct

Hon. Maryellen Noreika
J. Caleb Boggs Federal Building
844 N. King Street
Unit 19, Room 4324
Wilmington, DE 19801-3555

Re:   *Aqua Connect, Inc. and Strategic Tech. Partners, LLC v. Splashtop, Inc.*,
      Case No. 1:18-cv-455-MN (D. Del.)

<u>Opening Discovery Dispute Letter</u>

Dear Judge Noreika:

Defendant Splashtop and its counsel Fish & Richardson submit this Opening Discovery Dispute Letter in response to the Court's November 6, 2018 Order Setting Discovery Dispute Teleconference.[1]

**I.    SUMMARY OF THE DISCOVERY DISPUTE**

Almost seven months after Fish made an appearance in this lawsuit on behalf of Splashtop, Plaintiffs filed their Motion to Disqualify ("Motion") Fish for being adverse to Plaintiff Aqua Connect as an alleged former client, withholding materials on the basis of privilege that they claim support their Motion. Fish previously informed Plaintiffs that it had never represented either Plaintiff, but had only been engaged by a company called CodeUX, Inc. ("CodeUX").[2] CodeUX does not appear in the Asserted Patents' chain of

---

[1] D.I. 34.
[2] D.I. 31 ("Conrad Decl.") ¶ 6, Ex. E.



November 28, 2018

title, and Fish was not involved in the filing or prosecution of the non-provisional applications or reissues that led to the Asserted Patents. As explained below and in Fish and Splashtop's Emergency Motion to Compel and to Modify Briefing Schedules ("MTC"),[3] the materials that Plaintiffs are withholding are not privileged and will directly contradict many of Plaintiffs' representations. Moreover, the timing of Plaintiffs' Motion is highly suspect, and Plaintiffs should not be permitted to use privilege as both a sword and a shield. Fish and Splashtop are entitled to these materials to defend against the Motion.

First, some documents Plaintiffs are withholding are not privileged. For example, because CodeUX voluntarily disclosed these to Plaintiffs, it waived any claim of privilege with respect to this material.[4] Moreover, CodeUX went defunct in 2010[5] and thus, as a matter of law, cannot assert the privilege.[6] Some documents do not even appear to be privileged based on Plaintiffs' description of them because they consist of discoverable engagement and billing related materials.[7]

---

[3] D.I. 29, 30.
[4] *See, e.g., Westinghouse Elec. Corp. v. Republic of Phillippines*, 951 F.2d 1414, 1424 (3d Cir. 1991) ("[I]t is well-settled that when a client voluntarily discloses privileged communications to a third party, the [attorney-client] privilege is waived.").
[5] CodeUX's status on the Nevada Secretary of State's website shows that it has been "Permanently Revoked" (Conrad Decl. ¶ 10, Ex. M) since June 1, 2010 (*id.* ¶ 11, Ex. N).
[6] *See* NRS 78.180(4); *see also City of Rialto v. U.S. Dep't of Def.*, 492 F. Supp. 2d 1193, 1199 (C.D. Cal. 2007).
[7] *See, e.g., Greene v. Philadelphia Hous. Auth.*, 484 F. App'x 681, 682 (3d Cir. 2012) (affirming district court's order rejecting claim that legal invoices were subject to attorney-client privilege).

November 28, 2018

Second, the timing of Plaintiffs' Motion is highly suspect as it comes in the wake of Splashtop's August 22, 2018 letter advising Plaintiffs that documents produced in discovery demonstrate clear inequitable conduct amounting to fraud on the Patent Office that renders the Asserted Patents unenforceable.[8]

Third, because of the serious nature of Plaintiffs' accusations relating to purported ethical violations, non-disclosure of the documents identified on Plaintiffs' privilege log is highly prejudicial to Fish and Splashtop, and it is especially disingenuous for Plaintiffs to disclose only selected facts and misrepresent other under the guise of attorney-client privilege.[9]

## II. CONCLUSION

For at least these reasons, and due to the serious nature of Plaintiffs' allegations, Plaintiffs should be compelled to produce these documents before Splashtop and Fish are required to respond to the Motion.

Sincerely,

*/s/ Jeremy D. Anderson*

Jeremy D. Anderson
Principal

---

[8] Conrad Decl. ¶ 7, Ex. F.
[9] *See Tracinda Corp. v. DaimlerChrysler AG*, 362 F. Supp. 2d 487, 513 (D. Del. 2005) ("The attorney client privilege should not be used as both a sword and a shield.").