

November 29, 2018

Stamatios Stamoulis
stamoulis@swdelaw.com

**VIA HAND DELIVERY AND CM/ECF**
The Hon. Maryellen Noreika
United States District Court
844 North King Street, Unit 26
Wilmington, DE 19801

      Re:    Aqua Connect, Inc. and Strategic Tech. Partners, LLC v. Splashtop, Inc.,
            Case No. 1:18-cv-455-MN (D. Del.)

Dear Judge Noreika:

    Plaintiffs Aqua Connect, Inc. and Strategic Tech. Partners, LLC ("Plaintiffs") and their counsel Ryan E. Hatch submit this Responsive Discovery Dispute Letter pursuant to the Court's November 6, 2018 Order Setting Discovery Dispute Teleconference. (D. I. 34.)

    *First*, Plaintiffs have always been willing to share the documents relating to Fish & Richardson's prior representation with the firm itself. Plaintiff's only request was that the attorneys who are representing the defendant Splashtop in this case – David Conrad, Neil Mcnabay, Theresa Dawson, and Michael Ellis – be walled off from access to the documents. Plaintiffs' counsel discussed establishing an ethical wall with Fish's general counsel office, which agreed and stated that as of August 29, Fish had "established appropriate ethical walls."[1] It therefore came as a surprise when the Splashtop lawyers requested the documents regarding Fish's prior work for Aqua Connect, because those attorneys are supposed to have been on the other side of the ethical wall. Fish has never responded to requests for the documents relating to the ethical wall or provided any explanation of why the Splashtop team of attorneys are requesting the documents, as opposed to the Fish attorneys who have been walled off. Plaintiffs have always been and remain willing to share all documents with Fish attorneys who have been walled off from the Splashtop litigation.

    *Second*, there is no waiver of attorney-client privilege because Fish & Richardson was representing Aqua Connect in filing patent applications, in addition to CodeUX. Moreover, CodeUX and Aqua Connect are under common ownership, such that there was never disclosure of confidential information to a third party that would constitute a waiver of attorney-client information. These facts are confirmed in the August 3, 2009 letter to Fish from Sharon Cohen who was the CFO of CodeUX, Steelcape and Aqua Connect.[2]

---

[1] A true and correct copy of the undersigned counsel's correspondence with Roger D. Feldman of Fish's General Counsel office is attached hereto as Exhibit A. Mr. Feldman's email is on page 1 of Exhibit A.

[2] Concurrently with this letter, several documents are being hand delivered to the Court for *in camera* review. *See* item 15 in the privilege log of included in these materials.

The Hon. Maryellen Noreika
November 29, 2018
Page 2

*Lastly*, Plaintiffs brought the conflict issue to Fish's attention as soon as they discovered it. There was no delay or strategic considerations relating to Fish's inequitable conduct defense.

    For the foregoing reasons, Fish's motion should be denied.

                                                  Respectfully Submitted,

                                                 STAMOULIS & WEINBLATT LLC

                                                 /s/ Stamatios Stamoulis
                                                 Stamatios Stamoulis (#4606)
                                                 Two Fox Point Centre
                                                 6 Denny Road, Suite 307
                                                 Wilmington, DE 19809
                                                 (302) 999-1540
                                                 stamoulis@swdelaw.com
                                                 *Counsel for Plaintiff*

cc: All Counsel of Record (via CM/ECF)